Charles Earl JEFFERSON *v.* STATE of Arkansas

CR 83-4                                           650 S.W.2d 584

Supreme Court of Arkansas
Opinion delivered May 23, 1983

*William C. McArthur,* for appellant.

*Steve Clark*, Atty. Gen., by: *Leslie M. Powell*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, aged 25, was convicted of three offenses and sentenced to consecutive terms of 22 years for aggravated robbery and 23 years for attempted rape and to a concurrent term of 11 years for burglary. The appellant does not question the sufficiency of the State's proof that on the evening of November 19, 1981, a masked man, armed with a butcher knife, broke into the home of two elderly sisters and committed the crimes in question. The only argument for reversal is that the identity of the appellant as the intruder was not adequately established.

Viewing the testimony most favorably to the appellee, as we must, we find that the matter of identity was a question of fact for the jury. The two sisters had known Charles Jefferson for as long as ten or twelve years, because his grandmother had lived next door to them in North Little Rock for many years. One of them had seen him two or three days before the evening in question and testified that he was then wearing the same clothes he had on that evening. The other sister had seen him earlier that day. They both recognized him at once as the intruder, though he was wearing a mask or scarf over his face. One said she knew him by his voice, which she had heard frequently, the other by his movements and build. One of them called the police right after the departure of the intruder, who had stayed about 45 minutes. They testified that later that night they told the investigating officers that Charles Jefferson had been the robber. At the trial they were positive in their identification. There were minor uncertainties in the State's proof, such as the exact time the masked man entered the house and whether the two women identified him by name that evening or the next morning. Such uncertainties, however, were matters of credibility to be determined by the jury, whose decision is conclusive. There is ample substantial evidence to support the verdict, which ends our inquiry on appeal.

Affirmed.